UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CAMPBELL SOUP SUPPLY COMPANY, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:18-CV-00843 |
| DIRECT CONTACT, LLC, | § § § | |
| Defendant. | § | |

### NONPARTY HISCOX, INC.'S MOTION TO QUASH OR MODIFY SUBPOENA

Nonparty Hiscox, Inc. (Hiscox) files this Motion to Quash or Modify Plaintiff Campbell Soup Supply Company, LLC's (Campbell) Subpoena to Produce Documents, Information, or Objects, and in support thereof shows the following:

## I.
## INTRODUCTION

This case arises out of the sale of a water heating system. Specifically, Campbell contracted with Defendant Direct Contact, LLC (DC) to purchase a water heating system for Campbell's facility in Paris, Texas. According to Campbell, the system did not perform as required. Campbell sued DC on April 25, 2018, in the U.S. District Court for the Northern District of Ohio. In November 2018, the case was transferred to this Court.

After receiving a demand letter from Campbell in June 2016, DC reported the claim to Hiscox, the administrator of the professional liability policy issued to DC by Certain Underwriters at Lloyd's, London. Hiscox ultimately denied coverage for the claim in March 2019, after this lawsuit was filed. Nevertheless, on April 18, 2019, Campbell served a subpoena demanding that Hiscox produce documents from its claim and underwriting files. Because Campbell's subpoena does not provide for a reasonable time to comply, seeks "work product"

1

protected information, and creates an undue burden by seeking irrelevant information from a nonparty, Hiscox files this Motion to Quash or Modify the Subpoena.

## II.
## ARGUMENTS AND AUTHORITIES

Federal Rule of Civil Procedure 45 states that a district court "*must* quash or modify a subpoena that (i) fails to allow a reasonable time to comply . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A) (emphasis added).

Campbell's subpoena seeks the following documents:

1. Any and all non-privileged documents in your possession, custody, or control, including but not limited to communications, relating to the Professional Liability Errors & Omissions Insurance you provided to Direct Contact.

2. Any and all non-privileged documents in your possession, custody, or control, including but not limited to communications, relating to the insurance reflected in the Hiscox Certificate of Insurance No. ANE1125808.15 and any earlier versions thereof (e.g., ANE1125808.14).

3. Any and all non-privileged documents in your possession, custody, or control that are contained within your underwriting file or similar file(s) relating to insurance provided by you to Direct Contact, including but not limited to any applications, analyses, policies, coverage forms, declarations, endorsements, claims, and communications of any kind.

Exhibit A at p. 7. Further, Campbell has demanded that Hiscox provide the requested documents no later than May 8, 2019. Ex. A at p. 3.

### A. Campbell's Subpoena Does Not Provide a Reasonable Time to Comply

Campbell's subpoena was served on CSC on April 18, 2019, and forwarded to Hiscox the following day, which was a Friday. Ex. A at p. 1. The subpoena requires compliance no later than May 8, 2019, twenty days after service. When a subpoena is issued pursuant to Rule 45, the responding party must be given a reasonable time to comply. FED. R. CIV. P. 45(d)(3)(A). In

general, thirty days is considered a "reasonable time." *Parra v. State Farm Lloyds*, No. 7:14-CV-691, 2015 WL 12940023, at *1 (S.D. Tex. Jan. 13, 2015).

When conferring about this motion, Campbell's counsel agreed to extend the deadline for Hiscox to produce documents in response to the subpoena to May 22, 2019, but would not agree to extend Hiscox's deadline to object to the subpoena, which is currently May 2, 2019. *See* FED. R. CIV. P. 45(d)(2)(B). This is problematic because given the short time since the subpoena was served and Hiscox's counsel was retained, he has not yet been able to obtain all potentially responsive documents from his client—specifically, the underwriting file. Needless to say, it is difficult to make objections to the production of documents without having reviewed the documents first. Hiscox's counsel anticipates being able to obtain the underwriting file and to assert any objections to production of those documents by May 16, 2019. Accordingly, Hiscox requests that the Court modify the subpoena objection deadline to give Hiscox until May 16, 2019, to object to the subpoena. And, as agreed by Campbell's counsel, Hiscox further requests that the subpoena be modified to give Hiscox until May 22, 2019, to produce any non-privileged, responsive documents. *See Parra,* 2015 WL 12940023, at *1 (quashing a subpoena that only allowed for twenty-two days to respond); FED. R. CIV. P. 45(d)(3)(A).

### B.  Campbell's Subpoena Seeks Documents Protected by the Work-Product Privilege

The federal work-product doctrine provides for the qualified protection of documents and tangible things prepared by or for a party or that party's representative "in anticipation of litigation or for trial." FED. R. CIV. P. 26(b)(3). "A document need not be generated in the course of an ongoing lawsuit in order to qualify for work product protection." *MM United Enter., Inc. v. AGCS Marine Ins. Co.*, No. 3:12-CV-3744-L, 2013 WL 12126235, at *3 (N.D. Tex. June 18, 2013). However, "the primary motivating purpose" behind the creation of

the document must be to aid in possible future litigation. *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000). "In the context of an insurance dispute, the question of whether documents are work product often depends on whether the insurer can point to a definite shift from acting in its ordinary course of business to acting in anticipation of litigation." *MM United*, 2013 WL 12126235, at *4.

Among the factors relevant to determining the primary motivation for creating a document are "the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 477 (N.D. Tex. 2004). If the document would have been created without regard to whether litigation was expected to ensue, it was made in the ordinary course of business and not in anticipation of litigation. *Id.*

On June 16, 2016, Campbell sent DC a letter demanding payment of approximately $1.3 million in losses arising from the allegedly defective water heating system and requesting that DC notify its insurer of Campbell's claim for damages. *See* Exhibit B, a true and correct copy of the letter. As requested, DC sent the letter to Hiscox and notified Hiscox of the claim on June 20, 2016. At this point, both DC and Hiscox clearly had a reasonable expectation that litigation would ensue in the future. Hiscox thereafter began communicating with its insured about the claim and performing tasks and creating documents relating to the underlying policy and whether coverage existed for the claim. It is this protected information that Campbell seeks in its subpoena. Because the information sought is protected work product, Campbell's subpoena must be quashed. *MM United*, 2013 WL 12126235, at *4; Fed. R. Civ. P. 45(d)(3)(A).

    **C.**     **Campbell's Subpoena Creates an Undue Burden**

As noted, Rule 45(c)(3) requires a court to quash or modify a subpoena that subjects a person to undue burden. "A facially overbroad subpoena is unduly burdensome." *Turnbow v. Life Partners, Inc.*, No. 3:11-CV-1030-M, 2013 WL 1632795, at *1 (N.D. Tex. Apr. 16, 2013) (citing *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D.Tex.2003)). Further, "[w]hen a nonparty is the subject of discovery, heightened restriction on such discovery is warranted to protect the nonparty from harassment, inconvenience, or disclosure of confidential documents." *Keller v. Cox Radio, Inc.*, SA-08-CA-00284-OLG, 2009 WL 10700193, at *2 (W.D. Tex. Apr. 6, 2009) (citations omitted). "Therefore, to obtain discovery from a nonparty, a party must establish that its need for discovery outweighs the nonparty's interest in nondisclosure." *Id.*

In this case, Hiscox understands that Campbell has already received from DC the only insurance information that the Federal Rules of Civil Procedure expressly authorize a plaintiff to obtain from a defendant: the insurance policy itself. *See* FED. R. CIV. P. 26(a)(1)(A)(iv). Hiscox further understands that DC has provided a copy of Hiscox's March 2019 declination of coverage letter to Campbell. Hiscox is willing to provide those documents to DC again, if necessary. But the other claim file and underwriting file documents sought by Campbell are beyond the scope of insurance discovery contemplated by the Federal Rules of Civil Procedure and are not relevant to any issue in this lawsuit. As a nonparty to the professional liability insurance contract issued to DC, Campbell has no rights under that contract until it obtains a judgment against DC that is covered by the contract/policy. *See State Farm Cnty. Mut. Ins. Co. of Tex. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) (stating that a party injured by the insured "cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party."); *Nat'l*

5

*Am. Ins. Co. v. Breaux*, 368 F. Supp. 2d 604, (E.D. Tex. 2005) (citing *Ollis* for the same proposition). Campbell's lack of standing under the policy underscores the undue burden involved with its attempt to obtain irrelevant claim and underwriting documents from Hiscox.

Furthermore, Campbell seeks not just *any and all* documents *and* communications related to the underlying policy, prior versions of said policy, and the underwriting file. It also requests *all* non-privileged documents in Hiscox's possession, custody or control, including *but not limit to* such communications relating to the policies and underwriting file. As written, such requests are not limited by any reasonable restriction on time or subject, and seek information that is wholly irrelevant to Campbell's claim against DC or DC's insurance coverage.

Campbell's subpoena constitutes a classic "fishing expedition," is overbroad, and seeks information that is not relevant to its claims against DC. Moreover, the subpoena implicates the "heightened restriction" that protects a nonparty from "harassment, inconvenience, or the disclosure of confidential documents." *Keller*, 2009 WL 10700193, at *2. Consequently, Campbell's subpoena must be quashed. *See Turnbow*, 2013 WL 1632795, at *1 (quashing a subpoena containing overbroad requests that created an undue burden); *MM United*, 2013 WL 12126235, at *3 (holding that requests for documents related to the insurer's underwriting process and communications with agents and brokers did not fall within the scope of permissible discovery, even in the context of a coverage dispute between insurer and insured).

### III.
### CONCLUSION AND PRAYER

Campbell's subpoena does not provide a reasonable time to comply, seeks documents and information protected by the work-product privilege, and creates an undue burden on a nonparty. Accordingly, Hiscox respectfully requests that this Court grant this motion and issue an order quashing Campbell's subpoena. Alternatively, Hiscox requests that the Court modify

the subpoena to impose reasonable limits and to give Hiscox until May 16, 2019 to serve its objections and until May 22, 2019 to produce documents. Hiscox also requests any other relief to which it is justly be entitled.

        Respectfully submitted,

        THOMPSON, COE, COUSINS & IRONS, L.L.P.


        By: */s/ Wade C. Crosnoe*
            Wade C. Crosnoe
            Texas State Bar No.  00783903

        701 Brazos, Suite 1500
        Austin, TX 78701
        Telephone:  (512) 703-5078
        Telecopy:   (512) 708-8777
        E-mail: wcrosnoe@thompsoncoe.com

        **Attorney for Nonparty Hiscox, Inc.**

## CERTIFICATE OF CONFERENCE

I certify that I complied with the "meet and confer" requirements of Local Rule CV-7(h) by discussing Hiscox's objections to Campbell's subpoena and need for additional time to object to the subpoena and produce documents in a phone conference with Campbell's counsel, Allen Rutz, on April 30, 2019, and in written communications with him and his co-counsel, Mitch Tobias, and their local counsel, Clyde Siebman and Jeff Burley, on April 30 and May 1, 2019. During the phone conference, an agreement was reached that Hiscox could have an additional two weeks, or until May 22, 2019, to produce documents in response to the subpoena. To that extent only, this motion is unopposed. However, an impasse was reached on the remaining issues: (1) Hiscox's request for a two-week extension of time to object to the subpoena and (2) Hiscox's substantive objections to the subpoena. Accordingly, this motion is opposed—with the exception of the request for two additional weeks to produce documents—and is presented for the Court's determination.

*/s/ Wade C. Crosnoe*
Wade C. Crosnoe

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on the following counsel of record via the Court's Electronic Case Filing (ECF) system on May 2, 2019:

Mitchell Tobias
Vorys, Sater, Seymour and Pease, LLP
52 East Gay Street,
P.O. Box 1008,
Columbus, OH 43216-1008
E-mail: matobias@vorys.com
E-mail: alrutz@vorys.com
*Attorneys for Plaintiff*
*Campbell Soup Supply Company, LLC*

Clyde Siebman
Jeff Burley
Siebman, Forrest, Burg & Smith, LLP
4949 Hedgecoxe Road, Suite 230
Plano, TX 75024
E-mail: clydesiebman@siebman.com
E-mail: jeffburley@siebman.com
*Attorneys for Plaintiff*
*Campbell Soup Supply Company, LLC*

Zach Mayer
Sarah Krumholz
MAYER LLP
750 N. Saint Paul Street, Suite 700
Dallas, TX 75201
E-mail: ZMayer@mayerllp.com
E-mail: SKrumholz@mayerllp.com
*Attorneys for Defendant Direct*
*Contact, LLC*

*/s/ Wade C. Crosnoe*
Wade C. Crosnoe